PEOPLE v. GILES et al.

(Supreme Court, Appellate Division, First Department. December 22, 1896.)

1. CRIMINAL LAW—MAGISTRATE—REDUCING EVIDENCE TO WRITING.

Code Cr. Proc. § 204 (requiring the magistrate to reduce to writing the testimony given on the preliminary examination, only when demanded), being in that part of the Code which treats of prosecutions by indictment, does not apply to proceedings before a magistrate, under Pen. Code, § 291, for the commitment to the care of a society of children who are improperly exposed and neglected by their parents, and are in a reputed house of assignation and prostitution, and are without proper guardianship; such proceedings being governed, when governed by statute at all, by that part of the Code of Criminal Procedure which treats of proceedings in courts of special sessions and police courts.

2. SAME—NEW TRIAL.

The appellate court should direct a new trial where a magistrate, in proceedings, under Pen. Code, § 291, for the commitment to the care of a society of children who are improperly exposed and neglected by their parents, and are in a reputed house of assignation and prostitution, and are without proper guardianship, does not reduce to writing the evidence taken before him which he holds sufficient to prove the charge.

Appeal from court of general sessions, New York county.

Annie Giles and another, children under the age of 16 years, were committed by a city magistrate to the Missionary Sisters of the Third Order of St. Francis, and their mother appealed to the court of general sessions. From a judgment affirming the judgment of commitment, the mother appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Hugh O. Pentecost, for appellant.
Elbridge T. Gerry, for respondent.

RUMSEY, J. On the 20th day of June, 1896, a complaint was made before a city magistrate that the two persons named as appellants here, being children under the age of 16 years, one of them being 5 years of age and the other 7, were found improperly exposed and neglected by their parents, and in a reputed house of assignation and prostitution, and without any proper guardianship, in violation of the Penal Code of the state of New York. The complaint further contained allegations that the mother of said children was, on the aforesaid 20th day of June, 1896, charged upon the complaint of the same deponent with keeping and maintaining a disorderly house, and that the said mother was then confined in the city prison upon the said complaint. The complainant further said that the father of the children had full knowledge of the character of the premises maintained by the mother. Upon that complaint the magistrate issued his warrant, requiring that the children should be brought before him; and thereupon a hearing was had, and on the 21st day of June, 1896, the magistrate made his judgment of commitment, by which the children were committed to the Missionary Sisters of the Third Order of St. Francis, where they are now detained.

From the judgment of commitment made by the magistrate the

mother took an appeal to the court of general sessions, pursuant to the right given to her by section 749 of the Code of Criminal Procedure. That appeal was based upon an affidavit, upon which it was allowed by the recorder. The affidavit is inartificially drawn, and contains many allegations of fact not germane to this proceeding in its present shape, and which cannot be considered; but those parts of it which can be considered contain, clearly, enough allegations which may be regarded as specifications of error. They amount to a charge on the part of the appellant that there was error in fact committed in the decision of the magistrate which resulted in the judgment of commitment.

The complaint, as has been stated, charged that the children were improperly exposed and neglected by their parents, that they were in a reputed house of assignation and prostitution, and that they were without any proper guardianship. It is evident, from the complaint and from the return, that up to the time of the arrest of Mary Giles, the mother of these children, they had been in her charge and sheltered in her house; and it is quite evident, from the complaint, that the basis of the charge against them, upon which the arrest was made, was that, the mother having been arrested upon a charge of keeping and maintaining a disorderly house, and being in prison upon that charge, the necessary inference followed that the children, being inmates of that house, were liable to the charge upon which they were arrested. It is fairly to be inferred, from that complaint, that these are the grounds upon which the magistrate acted, because, not only must there have been present in his mind a knowledge of the fact that the mother was arrested upon the charge of keeping a disorderly house, for which he had just before issued a warrant against her, but the allegation of that same fact was made by the complainant here the basis of his charge in this proceeding. So that the charge against the children could stand only if Mrs. Giles was guilty of the offense alleged against her, because, if she was innocent of that offense, and the house in which these children were was not a disorderly house, then there was no foundation for any charge against the children that they were improperly neglected, or that they were inmates of a reputed house of assignation and prostitution. And the charge that they were without proper guardianship could only stand if it was made to appear that this woman and her husband, their natural protectors, were not proper persons to take care of them. This was found by the magistrate, and the correctness of this finding, as matter of fact, is fairly challenged by the affidavit upon which the appeal was allowed.

When that appeal was allowed, and that question raised, it was the duty of the magistrate to make such a return as was prescribed by section 756 of the Code of Criminal Procedure, which directs that he must make a return to all the matters stated in the affidavit. The matters stated in the affidavit require a return of so much of the evidence taken before the magistrate as would enable the court of general sessions, in passing upon the appeal, to decide whether the evidence before the magistrate was sufficient to warrant the conclusion reached by him which resulted in the commitment

of the children, the correctness of which was directly challenged by the appeal. No evidence was included in the return, but, on the contrary, the magistrate returns distinctly that the testimony and evidence taken by him was not reduced to writing, except so far as the same is contained in the complaint and the papers. But the complaint and the papers produced here contain no evidence, except the allegations in the complaint, which, for the purposes of this proceeding, cannot be deemed to be evidence.

Why the testimony taken before the magistrate was not reduced to writing we are unable to conceive. This proceeding was had under the statute, for the purpose of obtaining a judgment which should deprive the parents of these children, and of their right to control them, and commit them to the care of a society; and the propriety of doing that was based upon charges, criminal in their nature, which it was the duty of the complainant to establish by proof before a judgment of commitment could be rendered. In every trial, whether summary or not, especially when the charge which is tried is criminal in its nature, it is the duty of the court or magistrate before whom the trial is had to reduce the evidence to writing. That this should be done is essential to the rights of the parties who are put upon their trial, and who may, possibly, be convicted by the judgment. Otherwise, it would be impossible for them, in any case, to have a review of their conviction and sentence.

It is said, however, that the magistrate was only required to reduce this testimony to writing when a demand to that effect was made either by the district attorney or the defendant, and as authority for that proposition is cited section 204 of the Code of Criminal Procedure. That section is contained in part 4 of the Code of Criminal Procedure, which treats of the proceedings in criminal actions prosecuted by indictment. It is in that special portion of part 4 which prescribes the proceedings to be had in the preliminary examination, which may result either in the commitment of the defendant to await the action of the grand jury, or in his discharge. The proceeding which is the subject of examination here is regulated, so far as it is regulated at all, by statute, by part 5 of the Code of Criminal Procedure, which treats of proceedings in courts of special sessions and police courts, and which contains, also, regulations regarding proceedings before police magistrates. The directions contained in part 4 for the regulation of proceedings in criminal actions prosecuted by indictment do not apply to the proceedings mentioned in part 5 of the Code of Criminal Procedure, unless they are made so to apply by special provision of the statute. People v. Cook, 45 Hun, 34. Therefore, section 204, referring, as it does, only to preliminary examinations, in no way affects the duty of the magistrate in proceedings had under section 291 of the Penal Code, which are regulated, as we have seen, by part 5 of the Code of Criminal Procedure. All these proceedings in part 5, including this particular one, may result in a judgment detaining the defendant, or subjecting him to a fine. They therefore necessarily and finally dispose of the rights of the person who is brought before the magistrate; and a proper protection of those rights requires that the evidence taken

before the magistrate, and which he holds is sufficient to warrant his action in depriving the defendant of his liberty, should be reduced to writing, so that, upon an appeal, the correctness of his conclusions may be examined.

When this appeal was served upon the magistrate, it was his duty to make a return of the evidence, as we have said; and, if the return was not sufficient, the court had power to order an amended return which should contain the evidence. This was necessary in this proceeding, because, otherwise, the correctness of the determination of the magistrate upon a question of fact could not be reviewed. But it is apparent, in this case, that the magistrate was unable to return the evidence, because it was not taken down before him. He did return all that he could return, and that was his conclusion that the evidence was sufficient to prove the charge made against these children. But the appellant had the right to have the grounds of that conclusion examined. That was the precise purpose for which the appeal was brought. The court of general sessions could examine those grounds, either by examining the evidence, if it was produced to them, or, as in this case, where the evidence could not be produced, it could examine the correctness of those conclusions by exercising its undoubted power to grant a new trial. When it was made to appear that no evidence could be produced, because it had not been preserved, it was the duty of the court, as we think, to direct a new trial to be had, to the end that it might be able to determine whether the facts were such as to warrant the commitment of these children. This is the judgment which, upon these papers, we think the court of general sessions should have rendered in this case.

From the judgment of the court of general sessions an appeal lies to this court, and there is no question but that we have the power, upon review of the judgment of the general sessions, to direct such a judgment to be had as that court should have rendered. It should have directed a new trial. Its failure to do this was error, for which its judgment must be reversed, and the case must be remitted to the court of general sessions, with directions to order a new trial, which should be had in that court under the provisions of the Code. All concur.